UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIE JESSE JOHNSON

VERSUS

SAFECO INSURANCE COMPANY OF
AMERICA

CIVIL ACTION

NUMBER 09-831-RET-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is Safeco Insurance Company of America's Motion to Compel. Record document number 13. No opposition has been filed.

On January 7, 2010 defendant Safeco Insurance Company of America served its First Set of Interrogatories and Requests for Production of Documents on plaintiff Julie Jesse Johnson. These discovery requests seek basic information about the plaintiff's claims, damages, supporting evidence and witnesses.[1] After the plaintiff failed to respond within the 30 day deadline provided by Rules 33 and 34, Fed.R.Civ.P., counsel for the defendant sent a letter to the plaintiff's counsel on February 26, 2010 requesting the plaintiff's outstanding discovery responses.[2] The letter also set a discovery conference on March 5, 2010 at 9:30 a.m. When the defendant's counsel contacted the office of plaintiff's counsel he was told that the plaintiff's counsel was out of the office and

---

[1] Record document number 13-2, exhibit A.

[2] *Id.*, exhibit B.

unavailable. Defendant's counsel attempted to contact the plaintiff's counsel again on March 19, 2010 and sent another letter requesting the plaintiff's discovery responses on March 22, 2010.[3] Plaintiff's counsel has not responded to either letter and the plaintiff has not produced any discovery responses to date.

Defendant filed this motion to obtain responses to its First Set of Interrogatories and Requests for Production of Documents. Defendant also sought an award of costs incurred in bringing this motion.

Plaintiff's failure to produce responsive documents or object to the defendant's request for production demonstrates that under Rule 37(a), Fed.R.Civ.P., the defendant is entitled to an order compelling the plaintiff to respond to the defendant's First Set of Interrogatories and Requests for Production of Documents. Plaintiff must produce responses within 14 days. No objections will be allowed.[4]

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making

---

[3] *Id.,* exhibit C.

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990.)

the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff's failure to respond to the defendant's efforts to obtain requested discovery responses and to this motion demonstrate that the defendant is entitled to reasonable expenses under this rule.[5]  Nothing was filed in the record to demonstrate the amount of attorneys' fees incurred.  A review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, defendant Safeco Insurance Company of America's Motion to Compel is granted.  Plaintiff shall serve her responses to the defendant's First Set of Interrogatories and Requests for Production of Documents, without objections, within 14 days.  Pursuant to Rule 37(a)(5)(A), the plaintiff is also ordered to pay to the defendant, within 14 days, reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, April 29, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] These same facts show that the defendants' actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.